DU MONT VENTILATION COMPANY, Plaintiff-Appellee and Cross-Appellant, *v.* THE DEPARTMENT OF REVENUE, Defendant-Appellant and Cross-Appellee.

Third District　No. 80-604

Opinion filed August 31, 1981.

Tyrone C. Fahner, Attorney General, of Chicago (Patricia Rosen, Assistant Attorney General, of counsel), for appellant.

Dean B. Rhoads, of Sutkowski & Washkuhn Associates, of Peoria, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

The Department of Revenue assessed a penalty of $1,953.01 against Du Mont Ventilation Company for late filing of Illinois income taxes withheld from employees. Du Mont sought administrative review in the circuit court of Peoria County which resulted in a reduction of the penalty to $976.51. The Department has appealed, arguing the trial court erred in reducing the penalty, and Du Mont has cross-appealed, arguing the trial court erred in approving the assessment of any penalty.

The taxpayer, Du Mont Ventilation Company, is a sheet metal contractor and fabricator. On October 1, 1976, the Illinois General Assembly amended section 704 of the Illinois Income Tax Act (Act) to provide that employers who were formerly paying withholding taxes to the State on a monthly basis would now be required to remit such taxes on a quarter monthly basis "whenever the aggregate amount withheld * * * exceeds $500." (Ill. Rev. Stat. 1979, ch. 120, par. 7—704.) From at least August 1, 1969, through September 28, 1976, section 704 of the Illinois Income Tax Act (Ill. Rev. Stat., ch. 120, par. 7—704), provided for monthly payment of income taxes withheld by employers. The taxpayer was unaware that the law had been changed until its records were audited by the Illinois Department of Revenue (Department) in December of 1977, so it was not in compliance with the accelerated payment requirements. During this period taxpayer continued to make its payments monthly on a regular basis as it had been doing previously.

The Department issued a notice of deficiency in the amount of $1,953.01. A penalty was assessed for each quarter during which the tax was not timely paid pursuant to section 1002(c)(2) of the Act, which provides for a 5 percent negligency penalty to be imposed for late filing "unless it is shown that such failure [to pay the taxes] is due to reasonable cause and not due to willful neglect." (Ill. Rev. Stat. 1979, ch. 120, par. 10—1002(c)(2).) The taxpayer protested this deficiency and requested a hearing.

The administrative hearing was held on March 5, 1980. At this hearing, Mr. Donald Montgomery, the president of Du Mont, testified essentially that he had been president of the company for about 29 years and that he was responsible for insuring that the company was in compliance with all applicable State and Federal laws. Mr. Montgomery stated that he delegates some of this responsibility to responsible employees and the person who was responsible for timely filing taxes was the bookkeeper, Marj Cowger. He stated that Marj was well experienced in tax remittance. He stated that he also retained a C.P.A. firm, Clifton Gunderson, for an annual audit and for consultation throughout the year.

Mr. Montgomery stated that Du Mont was audited by the C.P.A. firm in the spring of 1977, and they were not informed that the law had been changed. They remained unaware of the change in the law until the Department audited their books in December of 1977. He also stated that, to his knowledge, many other businesses were unaware that the law had been changed. The Department's hearing officer then stipulated that apparently a large number of taxpayers were unaware of changes in the taxing laws. Mr. Montgomery stated that he relied primarily upon being notified by the taxing body or the Department.

Marjorie Cowger testified that she is in charge of accounting and is the office manager of Du Mont Company. She stated that she has been an accountant for 25 years and is experienced with tax compliance and with the monthly withholding requirements; she also stated that she was never notified that these requirements had been changed. She stated further that at the time in question for this audit the company did not have a copy of the Illinois statutes, although now they do.

The record also reflects the fact that notice of the change in the requirements for paying withheld income taxes was published in the C.C.H. State Tax Review on October 5, 1976.

On June 2, 1980, the taxpayer filed an action in the circuit court of Peoria County, contending that the penalties assessed under section 1002 were improper. After reviewing the administrative record and the briefs and arguments of the parties, on October 22, 1980, the circuit court entered an order that the taxpayer should be assessed a penalty of $976.51.

The Department appealed from this order and the taxpayer filed a notice of cross-appeal.

We believe the assessment of the penalty in this case is against the manifest weight of the evidence and that the evidence fails to support the claim that the failure to make the payments in accord with the revised remittance schedule was the result of wilful neglect. That the taxpayer did not have *Illinois* statute books nor subscribe to a C.C.H. State tax service does not demonstrate the taxpayer failed to use ordinary care and business prudence. While ignorance of the law is not an excuse, nevertheless, the continuance of a long-standing payment schedule without being aware of changes therein can hardly be regarded as lack of reasonable care and can not be equated with wilful neglect. The taxpayer did consult with an accounting firm, and there is evidence the accounting firm itself was not aware of the accelerated remittance schedule revisions. Furthermore, it should be noted the Department itself continued to receive and accept the monthly payments without advising the taxpayer of his delinquencies even though such could have easily been discovered and ascertained from a casual inspection of the remittance schedules.

For the foregoing reasons, we believe the circumstances do not warrant the assessment of any penalty, and for that reason the judgment of the circuit court of Peoria County is reversed and remanded with directions that the penalty assessed against the taxpayer be vacated.

Reversed and remanded with directions.

SCOTT, P. J., and HEIPLE, J., concur.